ANTONIO MUÑIZ FIGUEROA y OTROS, demandantes y recurridos, *v.* JUAN AGOSTO ALICEA, SECRETARIO DE HACIENDA DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, demandado y recurrente.

*Número:* RE-87-67     *Resuelto:* 29 de abril de 1987

Rafael Ortiz Carrión, Procurador General, Carmen A. Bravo de Riefkohl, Procuradora General Auxiliar, abogados del recurrente; Gustavo Vázquez Mares, abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal.

El demandante solicitó el reintegro de la contribución sobre certificado de depósito al portador que le fuera retenida por el Ponce Federal Bank, según autorizó el propio demandante, 13 L.P.R.A. sec. 2251b. El Secretario de Hacienda denegó el reintegro porque el mismo fue solicitado fuera del término que dispone la ley. 13 L.P.R.A. sec. 2251d. Inconforme, Muñiz presentó recurso de revisión judicial ante el Tribunal Superior. Éste expidió el auto solicitado y revocó la determinación del Secretario de Hacienda por entender que las disposiciones de la Ley Núm. 1 de 1985 (13 L.P.R.A. sec. 2251 et seq.) no le son aplicables al caso de autos.

Recurre ante nos el Secretario de Hacienda y nos solicita que revoquemos la decisión del tribunal de instancia y confirmemos la decisión administrativa. Después de haber comparecido el recurrido para oponerse a la expedición del auto, procedemos a resolver sin ulteriores procedimientos, al amparo de la Regla 50 de este Tribunal.

I

La Ley Núm. 1 de 12 de agosto de 1985, en su Art. 2, impone "una contribución especial de veinte (20) por ciento sobre el monto del principal e intereses acumulados por todo certificado de depósito de dinero pagadero al portador". (Énfasis nuestro.) 13 L.P.R.A. sec. 2251a. En su Art. 1, la ley expresa que el término certificado de depósito, según se emplea

en la ley, significa "cualquier instrumento de depósito pagadero al portador expedido por una institución financiera" 13 L.P.R.A. sec. 2251(c). En el Reglamento adoptado por el Secretario de Hacienda, 13 L.P.R.A. sec. 2251h para implantar las disposiciones de la Ley Núm. 1 de 12 de agosto de 1985, se reitera la definición de certificado de depósito pagadero al portador que establece la ley y añade que "[c]ertificados de depósito identificados o expedidos a nombre de la persona no están cubiertos bajo las disposiciones de la Ley". Art. 3(d) del Reglamento.

Fundamentándose en esa disposición del Reglamento, el recurrido argumenta que para emitir el certificado de depósito en cuestión, el Ponce Federal Bank le solicitó datos personales como nombre, número de seguro social y dirección; el mismo estaba identificado y por lo tanto excluido de las disposiciones de la ley especial. No le asiste la razón al recurrido.

■ Un documento pagadero al portador se negocia con la mera entrega, sin necesidad de endoso, por lo que la identificación del tenedor es indiferente. "Por otro lado, cuando el documento es pagadero a la orden de cierto tomador, éste deberá endosarlo para poder negociarlo o exigir su cobro. Se necesita, pues, que el tomador a cuya orden se hace pagadero el documento se describa mediante un lenguaje que permita su identificación . . . ." B. Santiago, *Tratado de Instrumentos Negociables*, 2da ed. rev., Río Piedras, Ed. Universitaria, 1981, pág. 84.

■ El que una institución financiera, al expedir un certificado de depósito al portador identifique en sus libros al depositante, no cambia la naturaleza del certificado, que continúa siendo pagadero al que lo presente al cobro. El Art. 3 del Reglamento, excluye de la aplicación de la contribución especial a aquellos certificados de depósito identificados, por ser pagaderos a la orden, ya de la persona a quien se le expidió o de quien se identifique en el mismo.

El certificado de depósito en controversia no se expidió pagadero a la orden del aquí recurrido ni de cualquiera otra persona; era claramente pagadero al portador. Según el propósito de la Ley Núm. 1 de 12 de agosto de 1985 de imponer una contribución especial a todo certificado de depósito pagadero al portador, no debe haber duda de que el certificado del recurrido estaba cubierto por las disposiciones de la referida ley.

## II

■ Un contribuyente sujeto a la contribución especial sobre certificados de depósito al portador, tiene la opción de pagar la misma directamente al Secretario de Hacienda o autorizar a su institución financiera que retenga y pague la contribución al Secretario. 13 L.P.R.A. sec. 2251b, Art. 5 del Reglamento para Implantar las Disposiciones de la Ley Núm. 1 de 12 de agosto de 1985. El Secretario de Hacienda viene obligado a reintegrar total o parcialmente la contribución pagada, siempre que el contribuyente demuestre que el principal e interés representado por el certificado de depósito fue objeto de la imposición o exoneración de contribución sobre ingresos. 13 L.P.R.A. sec. 2251d, Art. 9 del Reglamento. Tanto la ley como el reglamento disponen que la solicitud de reintegro deberá presentarse dentro del término de 90 días a partir de la fecha de pago de la contribución retenida por la institución financiera. 13 L.P.R.A. sec. 2251d, Art. 9 del Reglamento.

■ En este caso, el 28 de agosto de 1985 el recurrido autorizó por escrito al Ponce Federal Bank a retenerle la contribución especial sobre su certificado de depósito al portador. La institución financiera debe haber pagado al Secretario de Hacienda la contribución retenida no más tarde de 15 de sep-

tiembre de 1985. (¹) El recurrido Antonio Muñiz presentó su solicitud de reintegro el 13 de mayo de 1986, casi ocho meses después del pago de la contribución.

En *Ortiz* v. *Srio. de Hacienda,* 118 D.P.R. 571 (1987), reiteramos "la doctrina que propone que cuando el legislador provee para que el contribuyente pueda litigar contra el gobierno la reclamación del impuesto que se le formula, está el gobierno renunciando a su inmunidad de soberano. *De ahí nace el principio de que los requisitos que el estatuto exige a tales fines, son de estricto cumplimiento por parte del contribuyente y por lo general de carácter jurisdiccional para los tribunales.* (Énfasis en el original.) *Robert Vizcarrondo* v. *Srio. de Hacienda,* 114 D.P.R. 566, 574 (1983) ; *Cf.* Meléndez Carrucini, *op. cit.,* pág. 3".

Habiéndose presentado la solicitud de reintegro fuera del término prescrito por ley, *procede revocar al tribunal de instancia y confirmar la determinación del Secretario de Hacienda que deniega la solicitud de reintegro del contribuyente, ya que la misma estaba prescrita.*

El Juez Asociado Señor Rebollo López concurre en el resultado sin opinión escrita.

---

(¹) Aunque no surge la fecha exacta del pago de la contribución retenida por el banco, la ley dispone que la institución financiera debe depositar el pago de las contribuciones retenidas desde el decimosexto día de cualquier mes hasta el último día del mes, no más tarde del decimoquinto día del próximo mes. 13 L.P.R.A. sec. 2251c.