Pesante Martínez, Juez Ponente
*1012 TEXTO COMPLETO DE LA RESOLUCION
La Junta de Apelaciones del Sistema de Administración de Personal (J.A.S.A.P.) declaró sin lugar una apelación radicada por las recurrentes Ruth Quiñones Torres e Iris C. López de Rivera en la cual solicitaban se dejara sin efecto la determinación del Departamento de Servicios Sociales declarando nula la reclasificación de sus puesto de Técnico de Servicios Sociales II a III. Expedimos el auto solicitado.
La recurrente Ruth Quiñones Torres, presentó un recurso de apelación ante J.A.S.A.P. solicitando se ordenara al Departamento de Servicios Sociales (Departamento) su reclasificación de Técnico de Servicios Sociales III a IV. Esta adujó que desde el 1 de febrero de 1991 posee la clasificación de Técnico de Servicios Sociales III bajo el Programa de Asistencia Nutricional adscrita a la Oficina Local de Salinas. A tales efectos, se le asignaron las funciones de Coordinadora Regional del Programa del Pan y Trabajo en la Secretaría Auxiliar de Desarrollo Ocupacional, Social y Económico de la Familia. Argüyó que las funciones y tareas que llevaba a cabo eran de mayor jerarquía y complejidad que las propias al puesto que ocupa, por lo que debería recibir una retribución mayor. Dicha apelación se archivó por prematuridad ya que el Departamento decretó la nulidad del nombramiento como Coordinadora Regional del Programa del Pan y Trabajo.
El Departamento suscribió una carta fechada 7 de julio de 1995 en la cual le informaba a Quiñones Torres que se dejaba sin efecto su reclasificación de Técnico de Servicios Sociales III bajo el Programa de Asistencia Nutricional adscrita a la Oficina Local de Salinas. Este fundamentó su decisión en el hecho que la recurrente no había realizado funciones del Programa de Asistencia Nutricional y éste era un requisito para obtener dicha reclasificación.
De igual manera, la recurrente Iris López de Rivera ocupó el puesto de Técnico de Servicios Sociales III en el Departamento desde el 1 de junio de 1991 hasta el 3 de julio de 1995. Dicho puesto estaba adscrito a la Secretaría Auxiliar de Asistencia Nutricional, Oficina Local de Caguas I. Esta recibió una carta suscrita por el Departamento donde le informaban que su reclasificación no procedía ya que ésta no cumplió con el requisito de prestar servicios integrados. Adujó en su carta que su expediente refleja que desde el 18 de julio de 1989 la recurrente realiza funciones administrativas como Coordinadora del Programa de Asistencia Nutricional y Trabajo en la Secretaría Auxiliar de Desarrollo Ocupacional, Social y Económico de la Familia en la Región de Caguas y no en la Oficina Local de Caguas. Por lo tanto ésta no ejerció las funciones requeridas para el puesto que se reclasificó. A pesar de que su puesto estaba adscrito oficialmente a la Oficina Local de Caguas, ésta sólo realizaba funciones administrativas para la Región de Caguas en la Secretaría Auxiliar Desarrollo Ocupacional, Social y Económica de la Familia. Ambas apelaron individualmente la nulidad de su reclasificación. Acudieron por segunda vez a J.A.S.A.P. Alegaron en síntesis, que sus puestos están adscritos a diferentes oficinas pero, que la Directora de la Oficina Regional de Caguas las designó a prestar servicios como Coordinadora Regional del Programa del Pan. También alegaron que se les despojó de un interés propietario sin un debido proceso de ley ya que no se les concedió una vista previa a la anulación de la reclasificación.
J.A.S.A.P consolidó los casos y resolvió que no se encontraban presentes ninguna de las razones expuestas en la sección 6.2 del Reglamento de Personal: Areas Esenciales al Principio de Mérito para reclasificar los puesto en cuestión. Esta entiende que las asignaciones administrativas no crean un interés propietario. Además, concluyó que no se necesitaba una vista informal previa a la anulación de la reclasificación porque las apelantes no perdieron sus empleos o sueldo y el margen de error de la agencia en este caso es uno mínimo por razón de que la revisión se limitaba a examinar unos documentos y verificar fechas para ver si las apelantes realizaron las funciones que se requerían al momento de la reclasificación de sus puestos de Técnico de Servicios Sociales II a III.
*1013 Inconformes con el dictamen de J.A.S.A.P. recurren antes nos alegando que:

"1. Erró J.A.S.A.P. al no reconocer el derecho de las recurrentes-a una vista administrativa informal para dilucidar la controversia sobre la reclasificación.

2. Erró J.A.S.A.P. al no conceder una vista a las recurrentes para dirimir las controversias planteadas por las apelantes ante ese foro."

En consideración a los hechos y circunstancias particulares del presente caso, expedimos el auto solicitado, revocamos la resolución de J.A.S.A.P. y ordenamos la devolución del expediente para la celebración de una vista informal ante J.A.S.A.P.
II
Nuestra Constitución dispone, en la sección 7 del Artículo II, que ("ninguna persona será privada de su propiedad o libertad sin el debido proceso de ley.") Rivera Santiago v. Secretario de Hacienda, 119 D.P.R. 265, 273 (1987).
"La vertiente sustantiva del debido proceso de ley, tanto en Puerto Rico como en los Estados Unidos, persigue proteger y salvaguardar los derechos fundamentales de la persona...En su vertiente procesal la cláusula del debido proceso de ley le impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y de propiedad del individuo se haga a través de un procedimiento que en esencia sea justo y equitativo, que respete la dignidad de los individuos afectados..." (citas omitidas). Rodríguez Rodríguez v. E.L.A., _ D.P.R. _ (1992), op. 4 de junio de 1992, 92 J.T.S. 63, pág. 9520. A tales efectos, si el Estado desea privar a un empleado de carrera de su empleo, salario o sueldo éste tiene que garantizarle como parte del debido proceso de ley unas garantías mínimas que eviten el riesgo de un dictamen erróneo. Marrero Caratini v. Rodríguez Rodríguez, _ D.P.R. _ (1995), op. de 18 de abril de 1995, 95 J.T.S. 63, pág. 773.
Ahora bien, la jurisprudencia interpretativa sólo ha reconocido el derecho a una vista informal cuando la ley estatal le confiere un interés propietario al empleado público que ocupa el puesto. Ibid; Díaz Martínez v. Policía de Puerto Rico, _ D.P.R. _ (1993), op. 22 de julio de 1993, 93 J.T.S. 122, pág. 11046. Sin embargo, no toda privación de un derecho o interés propietario tiene derecho a una vista informal. Torres Solano v. Puerto Rico Telephone Company, _ D.P.R. _ (1990), op. de 20 de noviembre de 1990, 90 J.T.S. 122, pág. 8203. No albergamos dudas que la decisión de la agencia administrativa de decretar la nulidad de la clasificación del puesto conllevó una merma en el salario de las recurrentes. Sabido es que una empleada de carrera, como las recurrentes, gozan de un derecho propietario a recibir un sueldo, beneficios marginales y a desempeñar las funciones de su cargo. Así también, el salario regular de un empleado tiene visos de permanencia. Villamil Suárez v. Departamento de Transportación y Obras Públicas, _ D.P.R. _ (1993), 93 J.T.S. 116. Siendo ello así, procede determinar si el menoscabo del interés propietario de las recurrentes es aquel que amerite la celebración de una vista informal. Para ello debemos primeramente dejar claro que la actuación de la agencia fue una esencialmente adjudicativa y que no revistió un carácter cuasi legislativo, es decir, su finalidad no fue establecer unas normas generales con miras a resolver una multiplicidad de casos sino que versó sobre hechos particulares dirigidos a unas personas en particular.
A manera de ilustración, en Vélez Ramírez v. Romero Barceló, 112 D.P.R. 716, 730-731 (1982), se establecieron tres factores que tienen que estar presentes para que se conceda una vista previa al despido. Estos son:
"(1) los intereses afectados por la acción oficial; (2) el riesgo de una determinación errónea que prive a la persona del interés protegido mediante el proceso utilizado y el valor probable de garantías adicionales o distintas; y (3) el interés gubernamental protegido en la acción sumaria, inclusive la función de que se trata y los cargos fiscales y administrativos que conllevaría el imponer otras garantías procesales." Véase también, Torres Solano v. Puerto Rico Telephone company, supra, pág. 8204.
En el caso de marras si bien es cierto que no estamos ante un despido o ante una privación total de salario, estamos ante una merma de salario que podía ser de tal magnitud que afectara la estabilidad *1014 económica de las recurrentes y sus respectivas familias. Además, la decisión de la agencia conllevó determinaciones de hechos y evaluaciones de documentos que con la celebración de una vista informal seguramente se reduciría el riesgo de tomar una decisión errónea, máxime cuando las recurrentes arguyen que en la decisión de la agencia mediaron elementos subjetivos.
Finalmente, aunque el Estado tiene un legítimo interés en que las personas que ocupen puestos en el servicio público posean los conocimientos y/o experiencias necesarias requeridas para el cargo que han de desempeñar, igual es el interés de que no se tomen decisiones erróneas en perjuicio del interés propietario del empleado. Además, la celebración de una vista previa, en las circunstancias particulares del presente caso, no resulta ser onerosa ni conlleva una gran carga fiscal para el Estado.
Por todo lo anteriormente expuesto se expide el auto solicitado, se revoca la resolución de J.A.S.A.P. y se devuelve el caso para la celebración de una vista informal.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Notifíquese por la vía ordinaria.
Aida I. Oquendo Graulau
Secretaria General
ESCOLIOS 97DTA48
1. La recurrente Iris C. López de Rivera también había presentado un recurso ante J.A.S.A.P. para que reclasificaran su puesto a Técnico de Servicios Sociales IV.
2. El puesto de Quiñones Torres estaba adscrito a la Oficina Local de Salinas y fue designada administrativamente a la Oficina Regional de Guayama; el puesto de López de Rivera estaba adscrito a la Oficina Local de Caguas I y fue designada administrativamente a la Oficina Regional de Caguas.
3. "Sección 6.2 Reclasificación

Se justificará reclasificar todo puesto cuando esté presente cualquiera de las siguientes situaciones:

1)Clasificación Original Errónea. En esta situación no existe cambio significativo en las funciones del puesto pero se obtiene información adicional que permite corregir una apreciación inicial equivocada.

2) Modificación al Plan de Clasificación. En esta situación no existen necesariamente cambios significativos en las descripciones de los puestos, pero en el proceso de mantener al día el Plan de Clasificación mediante la consolidación, segregación, alteración, creación y eliminación de clases, surge la necesidad de cambiar la clasificación de algunos puestos.

3) Cambio Sustancial en Deberes, Responsabilidades o Autoridad. Es un cambio deliberado y sustancial en la naturaleza o el nivel de las funciones del puesto, que lo hace subir o bajar de jerarquía o lo ubica en una clase distinta al mismo nivel.

4) Evolución del Puesto. Es el cambio que tiene lugar con el transcurso del tiempo en los deberes, autoridad y responsabilidades del puesto que ocasiona una transformación del puesto original. "