VOTO DISIDENTE DEL
JUEZ ORTIZ CARRION
2001 DTA 47
San Juan, Puerto Rico, a 13 de noviembre de 2000
Al revisar una decisión del Comité de Clasificación y el Director de la División de Clasificación de la Administración de Corrección en la que a un recluso se le deniega el nivel de custodia mínima que le corresponde de acuerdo a los criterios objetivos establecidos por el Manual de Clasificación del Confinado, Reglamento Núm. 6067 de 23 de diciembre de 1999, este Tribunal debe exigir una explicación en la que se consignen determinaciones de hechos basadas en el expediente del confinado, y se señalen las normas reglamentarias que justifican esa decisión. Sobre esto, véase la Sentencia y Orden emitida por este Tribunal en el caso de Alexander Lebrón Torres v. Administración de Corrección, KLRA-00-00164 de 29 de septiembre de 2000.
En ausencia de una explicación suficientemente detallada sobre los hechos y las normas reglamentarias que justifican la decisión, este Tribunal está ejerciendo su jurisdicción revisora pro forma. Ese no es el propósito del *814 derecho a revisión judicial que provee la Ley de Procedimiento Administrativo Uniforme. Precisamente para evitar ese tipo de revisión pro forma, el Tribunal Supremo de Puerto Rico ha resuelto que los organismos administrativos están obligados a hacer determinaciones de hechos y a expresar las bases normativas de sus decisiones. L.P.C. & D., Inc. v. Administración de Carreteras, 2000 J.T.S. 9; Municipio de San Juan v. Junta de Calidad Ambiental, 99 J.T.S. 152; Misión Industrial de P.R. v. Junta de Planificación, 98 J.T.S. 79; Associated Insurance Agencies, Inc. v. Comisionado de Seguros de P.R., 97 J.T.S. 142; Rivera Santiago v. Secretario de Hacienda, 119 D.P.R. 265 (1987).
Una vez la Administración de Corrección adoptó el Manual de Clasificación del Confinado, en el cual se establecen los criterios que deben regir las decisiones sobre el nivel de custodia de los reclusos, la Administración de Corrección tiene que cumplir estrictamente con esos criterios, y si no lo hace, este Tribunal tiene la obligación de requerírselo. Torres Arzola v. Policía de P.R., 117 D.P.R. 204 (1986). No se trata de que este Tribunal sustituya el criterio de la Administración de Corrección en una materia tan delicada, sino de garantizar que la Administración cumpla con las normas que se ha auto impuesto para hacer tales decisiones. Ese, a fin de cuentas, fue el propósito que tuvo la propia Administración de Corrección al aprobar el nuevo Manual de Clasificación del Confinado, y el propósito de la Asamblea Legislativa al proveer el recurso de revisión establecido por la Ley de Procedimiento Administrativo Uniforme.
En el caso de autos, en el formulario de la Escala de Reclasificación de Custodia cumplimentada por el oficial socio-penal que evaluó al recluso recurrente, se indica: que fue sentenciado el 25 de octubre de 1994 por la comisión de un asesinato en segundo grado con una pena de 30 años; que el 8 de septiembre de 2001 será elegible para libertad bajo palabra; que no tiene historial de delitos graves, ni de faltas disciplinarias en los últimos cinco años; y que completó el programa de rehabilitación al que se le asignó. A base de tales hechos, el oficial sociopenal lo recomendó para una custodia mínima siguiendo los criterios objetivos establecidos por el Manual de Clasificación. Sin embargo, el Comité de Clasificación, el Superintendente y el Director de la División de Clasificación denegaron esta recomendación, por el hecho de que el recluso está cumpliendo pena por delito de severidad extrema cometido en reincidencia mientras estaba en libertad a prueba.

Sin embargo, no se expone ningún hecho particular de su comportamiento durante seis años en la penitenciaría, ni se indica razón por la cual la gravedad del delito o las circunstancias de su comisión deben servir como fundamento para modificar el nivel de custodia que le corresponde de acuerdo a la Escala.

Si la severidad de un delito cometido en reincidencia mientras cumplía libertad a prueba, fuese razón suficiente para que un confinado no sea elegible para una custodia mínima hasta que haya cumplido una parte substancial de la pena, así debió establecerse en los criterios objetivos establecidos en la Escala de Reclasificación. No creo que este Tribunal deba darle su conformidad a tal explicación sin que se haya hecho referencia alguna al comportamiento del recluso durante los seis años que ha cumplido en las instituciones penales. Este tipo de explicación críptica no cumple con los requisitos establecidos por las Instrucciones para Aplicar el Formulario de Reclasificación de Custodia, Sección III, Inciso D del Apéndice G-2 del Manual de Clasificación de Confinados. Por tal razón, en lugar de denegar el recurso sin ulterior trámite, hubiese ordenado que la agencia elevase el expediente para examinarlo, a la luz de los planteamientos del recurrente, para así estar en condiciones de determinar si hubo un abuso de discreción.

RAFAEL ORTIZ CARRION
Juez de Apelaciones