El Juez Asociado Señor Martínez Torres
emitió la opinión del Tribunal.
Acude ante nos el municipio de San Juan y solicita la revisión de una sentencia emitida por el Tribunal de Apelaciones. Debemos resolver si la nulidad de la sanción impuesta por un funcionario no autorizado vicia todo el procedimiento administrativo de investigación previo a la sanción. Resolvemos que el proceso seguido por el Munici-pio de San Juan fue válido y no quedó viciado por la nuli-dad de la sanción impuesta.
I — I
El 9 de enero de 2002 el entonces Comisionado de la Policía del Municipio de San Juan, Adalberto Mercado Cuevas, notificó al Sr. Juan Vázquez González la intención de expulsarlo de la Policía Municipal mediante la corres-pondiente formulación de cargos. En la misiva se expresa que la investigación realizada en su contra reflejó que el 19 de agosto de 2001, éste llegó a la residencia de su compa-ñera consensual en aparente estado de embriaguez y la agredió en la nariz, causándole una fractura en el tabique nasal y sangrado profundo. Por estos hechos, el 10 de oc-tubre de 2001 el señor Vázquez González hizo una alega-ción de culpabilidad por el Art. 3.2 de la Ley Núm. 54 de 15 de agosto de 1989, conocida como Ley para la Prevención e Intervención con la Violencia Doméstica, 8 L.P.R.A. see. 632.
Además, el Comisionado le notificó al señor Vázquez González que por la misma conducta ya había sido suspen-dido de empleo y sueldo por 15 días. Se expresó que esta primera sanción se debió a que el señor Vázquez González agredió físicamente a su pareja consensual y en la investi-gación administrativa éste aceptó los hechos. En la formu- *639 lación de cargos se concluye que la conducta del señor Váz-quez González es contraria al Reglamento de la Policía Municipal de San Juan en los artículos siguientes:

Artículo 6, “Deberes y Responsabilidades”

(1) Cumplir y hacer cumplir las leyes y ordenanzas. Prote-ger la vida y la propiedad de los ciudadanos. Velar por la se-guridad y el Orden Público. Ser diligente en el cumplimiento del deber y actuar siempre en forma ecuánime, imparcial y justa.
(10) Hacer cumplir las disposiciones dirigidas a prevenir y combatir la Violencia Doméstica contenidas en la Ley Número 54 del 15 de agosto de 1989, segn enmendada, conocida como Ley para la Prevención e Intervención con la Violencia Domés-tica conforme a los parámetros dispuestos en la misma.
(11) Observar en todo momento una conducta ejemplar, tanto en funciones de Policía Municipal como en su rol como ciudadano en y fuera de los límites territoriales del municipio.
(12) Tratar amablemente al público y prestar la debida ayuda a las personas que la requieran. Respetar y proteger los derechos civiles de los ciudadanos.
(19) Observar obediencia a las Leyes del Estado Libre Aso-ciado de Puerto Rico, a las Ordenanzas Municipales y las Re-glas, órdenes y Normas que en virtud de las mismas se promulguen.

Artículo 16, Sección 16.2(A) Faltas Graves

(2)(A) Demostrar incapacidad manifiesta, ineptitud, des-cuido, parcialidad o negligencia en el desempeño de sus debe-res, funciones y responsabilidades.
(12)(A) Realizar actos por los cuales fueren convictos de de-litos graves o menos graves que impliquen depravación moral.
(56)(A) Haber incurrido en Violencia Doméstica. Apéndice, págs. 85-86.
En la carta, el Comisionado expresa la intención de ex-pulsar al señor Vázquez González de la Policía Municipal y le apercibe de su derecho a solicitar vista administrativa. A solicitud del señor Vázquez González, el 5 de marzo de 2002 se celebró la vista administrativa a la que éste acudió *640 acompañado de su representación legal. El 25 de marzo de 2002 el Comisionado notificó su decisión de expulsar al se-ñor Vázquez González, ya que éste no presentó prueba que lo exculpara de los cargos en su contra. El señor Vázquez González fue apercibido de su derecho a solicitar una revi-sión de la decisión.
De esta determinación recurrió el señor Vázquez Gon-zález ante la Comisión de Investigación, Procesamiento y Apelación (C.I.P.A.). Dicho foro revocó la decisión apelada ya que el Comisionado no estaba facultado en ley para to-mar la decisión final por faltas graves. Según ese foro, esa facultad le compete exclusivamente al Alcalde del munici-pio de San Juan. Después de pasar por el foro apelativo intermedio, confirmamos esta decisión administrativa en Ortiz v. Municipio San Juan, 167 D.P.R. 609 (2006).
Ante esto, el 13 de julio de 2006 el señor Vázquez Gon-zález solicitó la reinstalación en su puesto y el pago de los haberes dejados de percibir por el tiempo que fue inválida-mente destituido. Posteriormente, se le notificó al señor Vázquez González de una resolución final tomada el 25 de mayo de 2006 por el Alcalde de San Juan, Hon. Jorge San-tini Padilla. El Alcalde hace referencia a la notificación de la formulación de cargos, a los hechos imputados, a los ar-tículos reglamentarios violados y a la vista administrativa efectuada. Amparado en su poder en ley, el Alcalde ratificó de manera final y firme la determinación de expulsar de su puesto al señor Vázquez González, y le apercibió de su de-recho a solicitar revisión.
El señor Vázquez González acudió al Tribunal de Pri-mera Instancia pero este foro desestimó la demanda por-que no se habían agotado los remedios administrativos. Entonces, el señor Vázquez González acudió ante la C.I.P.A. para impugnar la decisión del Alcalde. La C.I.P.A. confirmó la actuación del Alcalde. Inconforme con esta de-terminación, el señor Vázquez González solicitó revisión ante el Tribunal de Apelaciones. Ese tribunal revocó la de- *641 cisión de la C.I.P.A. Para así concluir, el foro apelativo in-termedio razonó que el Alcalde debió reiniciar todo el pro-ceso investigativo y adjudicativo. Según el Tribunal de Apelaciones, estos trámites previamente efectuados fueron nulos y carecen de valor, por lo que no podían utilizarse para la decisión posterior. Por último, el foro apelativo in-termedio ordenó la reinstalación y el pago de los haberes dejados de percibir.
El municipio de San Juan acude ante nos y arguye que erró el Tribunal de Apelaciones al concluir que la nulidad de la sanción viciaba todo el trámite administrativo, inclu-yendo la investigación, la formulación de cargos y la vista administrativa. Además, el municipio de San Juan alega que no procedía ordenar la reinstalación del señor Vázquez González y el pago de los haberes dejados de percibir desde su destitución.
El 28 de agosto de 2009 emitimos una resolución en la que ordenamos a la parte recurrida que mostrara causa por la cual no debíamos expedir el auto de certiorari y re-vocar la sentencia del foro apelativo intermedio. Contamos con la comparecencia de las partes, por lo que procedemos a resolver la controversia planteada.
A. La Ley Núm. 19 de 12 de mayo de 1977, según enmendada, conocida como Ley de la Policía Municipal, 21 L.P.R.A. see. 1061 et seq., permite a los municipios crear cuerpos policiacos para atender los problemas de seguridad pública en su territorio. La Ley Núm. 45 de 22 de mayo de 1996, enmendó la Ley de la Policía Municipal para, entre otras cosas, disponer que en casos en que se imputara la comisión de faltas graves a un miembro de la Policía Municipal, el Comisionado está facultado a rendir un informe al Alcalde. Según este esquema, el Alcalde era *642 el único autorizado para tomar la decisión final en estos casos e imponer la sanción disciplinaria correspondiente.
Según la Ley Núm. 45, el puesto del Comisionado tendría a su cargo la dirección inmediata y la supervisión de la Policía Municipal. Según este esquema, el Comisionado tiene la facultad de formular cargos, investigar e informar al Alcalde sobre los casos disciplinarios para que este último tome una decisión final. Ortiz v. Municipio San Juan, supra.
En Ortiz v. Municipio San Juan, supra, revisamos y aplicamos la Ley Núm. 45. Ante este esquema legislativo, resolvimos que la ley no permitía entonces al Alcalde dele-gar al Comisionado su facultad disciplinaria contra miem-bros de la Policía Municipal por faltas graves. Debido a esto, confirmamos la revocación de las sanciones impues-tas a trece agentes de la Policía Municipal, porque fueron implantadas por el Comisionado y no por el Alcalde. Entre los policías sancionados en ese caso se encontraba el señor Vázquez González.
Nuestra decisión en Ortiz v. Municipio San Juan, supra, se limitó a revocar la sanción impuesta, pues el Comi-sionado no tenía facultad para tomar la decisión final. Allí resolvimos que, conforme a la ley vigente, el Alcalde era la persona facultada en ley para sancionar las faltas graves de los policías municipales. En esa ocasión expresamos que el legislador "impuso sobre el Comisionado la tarea de in-vestigar e informar al Alcalde los pormenores del caso para que este último tomara la decisión correspondiente”. íd., pág. 619. En esta decisión reconocimos la facultad del Co-misionado para investigar y recomendar al Alcalde la ac-ción por seguir.
Luego de nuestra opinión, la Ley de la Policía Municipal fue enmendada por la Ley Núm. 533 de 30 de septiembre de 2004. Por razón de esta enmienda se le otorgó a los alcaldes la facultad de delegar en los comisionados todas o algunas de las funciones reservadas al primero. Esta *643 legislación fue reconocida y validada en Garriga Villanueva v. Mun. de San Juan, 176 D.P.R. 182 (2009). Basa-dos en el historial legislativo de las enmiendas que sufrió la Ley de la Policía Municipal, reconocimos la validez de esta delegación para hacer las determinaciones finales en procedimientos disciplinarios por faltas graves contra miembros de la Policía Municipal. Id. Por la fecha de la sanción impuesta, esta enmienda es inaplicable para dis-poner del caso de marras.
B. La Constitución de Puerto Rico reconoce el derecho a un debido proceso de ley como salvaguarda de las privaciones de libertad o propiedad. Art. II, Sec. 7, Const. E.L.A., L.P.R.A., Tomo 1. Igual derecho reconoce la Constitución de Estados Unidos. Emda. V, Const. EE. UU., L.P.R.A., Tomo 1. El debido proceso de ley se manifiesta en dos dimensiones, a saber, la sustantiva y la procesal. Rivera Santiago v. Srio. de Hacienda, 119 D.P.R. 265 (1987). El debido proceso de ley impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y propiedad del individuo se haga mediante un procedimiento justo y equitativo. Rivera Rodríguez & Co. v. Lee Stowell, etc., 133 D.P.R. 881 (1993).
Los empleados públicos de carrera en Puerto Rico tienen un interés propietario sobre sus plazas, por lo que son acreedores de un debido proceso de ley. Torres Solano v. P.R.T.C., 127 D.P.R. 499 (1990). Hemos expresado que los requisitos para garantizar el debido proceso de ley en su modalidad procesal son: (1) notificación adecuada del proceso; (2) proceso ante un juez imparcial; (3) oportunidad de ser oído; (4) derecho a contrainterrogar a los testigos y examinar la evidencia presentada en su contra; (5) tener asistencia de abogado, y (6) que la decisión se base en el expediente. Rivera Rodríguez & Co. v. Lee Stowell, etc., supra. En el contexto del empleo público de carrera, hemos resuelto que para intervenir con este derecho es necesario celebrar una vista informal previa en donde se le dé al *644 empleado la oportunidad de ser escuchado. Torres Solano v. P.R.T.C., supra.
Los procedimientos y las decisiones ante los organismos administrativos gozan de una presunción de regularidad y corrección mientras no se produzca suficiente evidencia para derrotarla. Camacho Huertas v. Compañía Turismo, 174 D.P.R. 833 (2008); Henríquez v. Consejo Educación Superior, 120 D.P.R. 194, 210 (1987); Murphy Bernabé v. Tribunal Superior, 103 D.P.R. 692, 699 (1975).
hH h — I I — I
El foro apelativo intermedio reconoció correctamente que la sanción impuesta al señor Vázquez González no tiene efecto alguno, pues la determinó una persona que, según la ley vigente entonces, carecía de autoridad para ello, a saber, el Comisionado. Sin embargo, el Tribunal de Apelaciones incidió al extrapolar la nulidad al proceso pre-vio a la sanción impuesta.
En Ortiz v. Municipio San Juan, supra, decidimos que, según la ley aplicable entonces, el Alcalde no podía delegar la función de sancionar a los policías municipales por fal-tas graves. Ahora bien, nunca cuestionamos la facultad del Comisionado de investigar, formular cargos e informar al Alcalde los pormenores del caso para que este último pro-cediera con su decisión final. En ese caso lo único que se decretó nulo fue la sanción impuesta y no el proceso previo de investigación y formulación de cargos.
La Ley Núm. 19 disponía que el Comisionado preparara un informe completo al Alcalde sobre las imputaciones he-chas y el Alcalde tomaría la decisión final. 21 L.P.R.A. see. 1070. Los cargos se harían por escrito y serían firmados por el Comisionado. Id. Como vemos, el proceso que dispo-nía la ley dividía el proceso disciplinario en etapas distin-tas: (1) el Comisionado realiza una investigación; (2) el Co-misionado notifica de los cargos al imputado; (3) el *645 Comisionado rinde un informe al Alcalde, y (4) el Alcalde absuelve de los cargos al imputado o determina la sanción que proceda. Después de la enmienda, el Comisionado puede tomar esa decisión, por delegación del Alcalde. Claro está, este proceso debe ceñirse a las exigencias del debido proceso de ley.
El señor Vázquez González sostiene que la nulidad de la sanción vicia de nulidad todo el proceso disciplinario, por lo que es necesario que el municipio de San Juan reinicie todo el trámite disciplinario. No le asiste la razón. Como discu-timos anteriormente, para interferir con el interés propie-tario de un empleado público de carrera, el Estado debe seguir un proceso que sea justo y equitativo conforme a las reglas del debido proceso de ley.
El debido proceso de ley no exige que se hagan dos pro-cedimientos de novo para la determinación administrativa. Exigir esto al municipio de San Juan sería ordenarle que repita lo que ya se hizo correctamente. Surge del expe-diente que para disciplinar al señor Vázquez González el Comisionado inició una investigación, formuló los cargos por escrito y notificó el derecho a solicitar vista. Esto cum-ple con los requisitos de notificación adecuada del debido proceso de ley. Además, se celebró una vista informal pre-via en la que el recurrido tuvo la oportunidad de ser oído y de presentar prueba. En esa vista, el señor Vázquez Gon-zález contó con la asistencia de un abogado.
El señor Vázquez González no cuestiona el hecho de que estas etapas previas al despido fueron conforme a derecho. Su alegación se limita al hecho de que la nulidad de la sanción inicial que impuso el Comisionado vicia de nulidad todo el procedimiento previo. Aun así, tampoco el recurrido cuestiona el hecho de que el proceso seguido previo a la sanción cumplió con la legislación y la reglamentación aplicables.
La sanción impuesta luego de nuestra opinión en Ortiz v. Municipio San Juan, supra, estuvo basada en el expe- *646 diente, fue tomada por la persona con autoridad para ha-cerlo, el Alcalde de San Juan, y se notificó correctamente al recurrido su derecho de solicitar la revisión de la decisión. El hecho de que la primera decisión fuera tomada por quien no tenía facultad para hacerlo, no vicia todo el trámite pre-vio y solamente tiene efecto sobre la imposición y vigencia de la sanción.
Ahora bien, el señor Vázquez González no podía ser pri-vado de su sueldo hasta la imposición de la sanción de ma-nera correcta. Debido a que la sanción tenía que ser im-puesta por el Alcalde, la sanción original del Comisionado carece de efecto. El Art. 10(e) de la Ley Núm. 45 (21 L.P.R.A. sec. 1070(e)) requiere autorización previa del Alcalde para suspender temporeramente a un Policía Municipal de em-pleo y sueldo mientras se practica el proceso de investiga-ción disciplinario. El Alcalde no utilizó esa facultad en este caso.
Así pues, el señor Vázquez González tiene derecho a los salarios dejados de percibir hasta el momento en que se determinó la expulsión firmada por el Alcalde. Véase Torres Solano v. P.R.T.C., supra. Es a partir de esa fecha que la acción de expulsar al señor Vázquez González de la Po-licía Municipal tiene efecto vinculante en derecho.
En resumen, resolvemos que no era necesario reiniciar las etapas previas a la determinación final del Alcalde, pues éstas se hicieron conforme a derecho y en cumpli-miento con el debido proceso de ley.
IV
Por los fundamentos señalados, se revoca la sentencia recurrida y emitida por el Tribunal de Apelaciones, Región Judicial de San Juan. En su lugar, se sostiene la sanción impuesta por el Alcalde contra el Sr. Juan Vázquez González. Ahora bien, el señor Vázquez González tiene de-recho a los haberes dejados de percibir hasta la fecha en que fue válidamente sancionado. Se devuelve el caso a la *647 C.I.P.A. para que se determine la cuantía a la que tiene derecho el señor Vázquez González.

Se dictará sentencia de conformidad.