

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Juan Vázquez González<br><br>    Recurrido<br><br><br>              v.<br><br>Jorge Santini, Alcalde del Municipio de San Juan, por sí y en representación del Municipio de San Juan<br><br>    Peticionario | Certiorari<br><br>2010 TSPR 50<br><br>178 DPR \_\_\_\_ |

Número del Caso: CC-2009-191


Fecha: 9 de abril de 2010


Tribunal de Apelaciones:

        Región Judicial de San Juan, Panel IV

Juez Ponente:
                Hon. Carlos J. López Feliciano


Abogado de la Parte Peticionaria:

                Lcdo. Cludio Aliff Ortiz


Abogado de la Parte Recurrida:

                Lcdo. Luis Antonio Pabón Rojas



Materia: Revisión Administrativa Procedente de la Comisión de Investigación, Procesamiento y Apelació n

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicaci ón oficial de las decisiones del Tribunal. Su distribu ción electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Juan Vázquez González<br><br>        Recurrido<br><br>        v.<br><br>Jorge Santini, Alcalde del Municipio de San Juan, por sí y en representación del Municipio de San Juan<br><br>        Peticionario | | CC-2009-191 |

Opinión del Tribunal emitida por el Juez Asociado señor MARTÍNEZ TORRES.

En San Juan, Puerto Rico, a 9 de abril de 2010.

Acude ante nos el Municipio de San Juan y solicita la revisión de una sentencia emitida por el Tribunal de Apelaciones. Debemos resolver si la nulidad de la sanción impuesta por un funcionario no autorizado vicia todo el procedimiento administrativo de investigación previo a la sanción. Resolvemos que el proceso seguido por el Municipio de San Juan fue válido y no quedó viciado por la nulidad de la sanción impuesta.

                                I

El 9 de enero de 2002, el entonces Comisionado de la Policía del Municipio de San Juan, Adalberto Mercado Cuevas, notificó al Sr. Juan Vázquez González la intención de expulsarlo de la Policía Municipal mediante la correspondiente formulación de cargos. En la misiva, se expresa que la investigación realizada en su contra

reflejó que el 19 de agosto de 2001, éste llegó a la residencia de su compañera consensual en aparente estado de embriaguez y la agredió en la nariz, causándole una fractura en el tabique nasal y sangrado profundo. Por estos hechos, el 10 de octubre de 2001, el señor Vázquez González hizo una alegación de culpabilidad por el Art. 3.2 de la Ley Núm. 54 de 15 de agosto de 1989, conocida como Ley para la prevención e intervención con la violencia doméstica. 8 L.P.R.A. sec. 632.

Además, el Comisionado le notificó al señor Vázquez González que por la misma conducta ya había sido suspendido de empleo y sueldo por 15 días. Se expresó que esta primera sanción se debió a que el señor Vázquez González agredió físicamente a su pareja consensual y en la investigación administrativa éste aceptó los hechos. En la formulación de cargos se concluye que la conducta del señor Vázquez González va en contra del Reglamento de la Policía Municipal de San Juan en los siguientes artículos:

**Artículo 6 Deberes y Responsabilidades**

(1) Cumplir y hacer cumplir las leyes y ordenanzas. Proteger la vida y la propiedad de los ciudadanos. Velar por la seguridad y el Orden Público. Ser diligente en el cumplimiento del deber y actuar siempre de forma ecuánime, imparcial y justa.

(10) Hacer cumplir las disposiciones dirigidas a prevenir y combatir la Violencia Doméstica contenidas en la Ley 54 del 15 de agosto de 1989, según enmendada, conocida como "Ley para la prevención e intervención con la Violencia

Doméstica" conforme a los parámetros dispuestos en la misma.

(11) Observar en todo momento una conducta ejemplar, tanto en funciones de Policía Municipal como en su rol como ciudadano en y fuera de los límites territoriales del municipio.

(12) Tratar amablemente al público y prestar la debida ayuda a las personas que la requieran. Respetar y proteger los derechos civiles de los ciudadanos.

(19) Observar obediencia a las Leyes del Estado Libre Asociado de Puerto Rico, a las Ordenanzas Municipales y las Reglas, Órdenes y Normas que en virtud de las mismas se promulguen.

**Artículo 16 Sección 16.2(A) Faltas Graves**

(2)(A) Demostrar incapacidad manifiesta, ineptitud, descuido, parcialidad o negligencia en el desempeño de sus deberes, funciones y responsabilidades.

(12)(A) Realizar actos por los cuales fueren convictos de delitos graves o menos graves que impliquen depravación moral.

(56)(A) Haber incurrido en Violencia Doméstica.

En la carta, el Comisionado expresa la intención de expulsar al señor Vázquez González de la Policía Municipal y le apercibe de su derecho a solicitar vista administrativa. A solicitud del señor Vázquez González, el 5 de marzo de 2002, se celebró la vista administrativa a la que éste acudió acompañado de su representación legal. El 25 de marzo de 2002, el Comisionado notificó su decisión de expulsar al señor Vázquez González ya que éste no presentó prueba que lo exculpara de los cargos en su contra. El señor Vázquez

González fue apercibido de su derecho a solicitar revisión de la decisión.

De esta determinación recurrió el señor Vázquez González ante la Comisión de Investigación, Procesamiento y Apelación (C.I.P.A.). Dicho foro revocó la decisión apelada ya que el Comisionado no estaba facultado en ley para tomar la decisión final por faltas graves. Según ese foro, esa facultad le compete exclusivamente al Alcalde del Municipio de San Juan. Después de pasar por el foro apelativo intermedio, confirmamos esta decisión administrativa en Ortiz v. Municipio San Juan, 167 D.P.R. 609 (2006).

Ante esto, el 13 de julio de 2006, el señor Vázquez González solicitó reinstalación en su puesto y el pago de los haberes dejados de percibir por el tiempo que fue inválidamente destituido. Posteriormente, se le notificó al señor Vázquez González de una resolución final tomada el 25 de mayo de 2006 por el Alcalde de San Juan, Hon. Jorge Santini Padilla. En la misma, el Alcalde hace referencia a la notificación de la formulación de cargos, a los hechos imputados, a los artículos reglamentarios violados y a la vista administrativa efectuada. El Alcalde, amparado en su poder en ley, ratificó de manera final y firme la determinación de expulsar de su puesto al señor Vázquez González, y le apercibió de su derecho a solicitar revisión.

El señor Vázquez González acudió al Tribunal de Primera Instancia pero este foro desestimó la demanda porque no se habían agotado los remedios administrativos. Entonces, el señor Vázquez González acudió ante la C.I.P.A. para impugnar la decisión del Alcalde. La C.I.P.A. confirmó la actuación del Alcalde. Inconforme con esta determinación, el señor Vázquez González solicitó revisión ante el Tribunal de Apelaciones. Ese tribunal revocó la decisión de la C.I.P.A. Para así concluir, el foro apelativo intermedio razonó que el Alcalde debió reiniciar todo el proceso investigativo y adjudicativo. Según el Tribunal de Apelaciones, estos trámites previamente efectuados fueron nulos y carecen de valor, por lo que no podían utilizarse para la decisión posterior. Por último, el foro apelativo intermedio ordenó la reinstalación y el pago de los haberes dejados de percibir.

El Municipio de San Juan acude ante nos y arguye que erró el Tribunal de Apelaciones al concluir que la nulidad de la sanción viciaba todo el trámite administrativo incluyendo la investigación, la formulación de cargos y la vista administrativa. Además, el Municipio de San Juan alega que no procedía ordenar la reinstalación del señor Vázquez González y el pago de los haberes dejados de percibir desde su destitución.

El 28 de agosto de 2009 emitimos una resolución en la que ordenamos a la parte recurrida que mostrara causa

por la cual no debíamos expedir el auto de *certiorari* y revocar la sentencia del foro apelativo intermedio. Contamos con la comparecencia de las partes, por lo que procedemos a resolver la controversia planteada.

## II-A

La Ley Núm. 19 de 12 de mayo de 1977, según enmendada, conocida como Ley de la Policía Municipal, 21 L.P.R.A. sec. 1061 *et seq.*, permite a los municipios crear cuerpos policiacos para atender los problemas de seguridad pública en su territorio. La Ley Núm. 45 de 22 de mayo de 1996, enmendó la Ley de la Policía Municipal, supra, para, entre otras cosas, disponer que en casos en que se imputa la comisión de faltas graves a un miembro de la Policía Municipal, el Comisionado está facultado a rendir un informe al Alcalde. Bajo este esquema, el Alcalde era el único facultado a tomar la decisión final en estos casos y en cuanto a la sanción disciplinaria a imponerse.

Según la Ley Núm. 45, supra, el puesto del Comisionado tendría a su cargo la dirección inmediata y la supervisión de la Policía Municipal. Bajo este esquema, el Comisionado tiene la facultad de formular cargos, investigar e informar al Alcalde sobre los casos disciplinarios para que este último tome una decisión final. Ortiz v. Municipio San Juan, supra.

En Ortiz v. Municipio San Juan, id., revisamos y aplicamos la Ley Núm. 45, supra. Ante este esquema

legislativo, resolvimos que la ley no permitía entonces al Alcalde delegar al Comisionado su facultad disciplinaria en contra de miembros de la Policía Municipal por faltas graves. Debido a esto, confirmamos la revocación de las sanciones impuestas a trece (13) agentes de la Policía Municipal, porque fueron implantadas por el Comisionado y no por el Alcalde. Entre los policías sancionados en ese caso se encontraba el señor Vázquez González.

Nuestra decisión en Ortiz v. Municipio San Juan, supra, se limitó a revocar la sanción impuesta pues el Comisionado no tenía facultad para tomar la decisión final. Allí resolvimos que conforme a la ley vigente era el Alcalde la persona facultada en ley para sancionar las faltas graves de los policías municipales. En esa ocasión expresamos que el legislador "impuso sobre el Comisionado la tarea de investigar e informar al Alcalde los pormenores del caso para que este último tomara la decisión correspondiente". Id., pág. 619. En esta decisión reconocimos la facultad del Comisionado para investigar y recomendar al Alcalde la acción a seguir.

Luego de nuestra Opinión, la Ley de la Policía Municipal, supra, fue enmendada por la Ley Núm. 533 de 30 de septiembre de 2004. Por razón de esta enmienda se le otorgó a los alcaldes la facultad de delegar en los comisionados todas o algunas de las funciones reservadas al primero. Esta legislación fue reconocida y validada

en Garriga Villanueva v. Mun. San Juan, Op. de 17 de junio de 2009, 2009 T.S.P.R. 103, 2009 J.T.S. 106, 176 D.P.R. __ (2009). Basados en el historial legislativo de las enmiendas que sufrió la Ley de la Policía Municipal, supra, reconocimos la validez de esta delegación para hacer las determinaciones finales en procedimientos disciplinarios por faltas graves contra miembros de la Policía Municipal. Id. Por la fecha de la sanción impuesta, esta enmienda es inaplicable para disponer del caso de marras.

B

La Constitución de Puerto Rico reconoce el derecho a un debido proceso de ley como salvaguarda de las privaciones de libertad o propiedad. Art. II, Sec. 7, Const. E.L.A., L.P.R.A., Tomo 1. Igual derecho reconoce la Constitución de los Estados Unidos. Emda. V, Const. EE.UU., L.P.R.A., Tomo I. El debido proceso de ley se manifiesta en dos dimensiones, a saber, la sustantiva y la procesal. Rivera Santiago v. Srio. de Hacienda, 119 D.P.R. 265 (1987). El debido proceso de ley impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y propiedad del individuo se haga mediante un procedimiento justo y equitativo. Rivera Rodríguez v. Co. v. Lee Stowell, 133 D.P.R. 881 (1993).

Los empleados públicos de carrera en Puerto Rico tienen un interés propietario sobre sus plazas por lo

que son acreedores de un debido proceso de ley. Torres Solano v. P.R.T.C., 127 D.P.R. 499 (1990). Hemos expresado que los requisitos para garantizar el debido proceso de ley en su modalidad procesal son: (1) notificación adecuada del proceso; (2) proceso ante un juez imparcial; (3) oportunidad de ser oído; (4) derecho a contrainterrogar a los testigos y examinar la evidencia presentada en su contra; (5) tener asistencia de abogado; y (6) que la decisión se base en el récord. Rivera Rodríguez v. Co. v. Lee Stowell, supra. En el contexto del empleo público de carrera hemos resuelto que para intervenir con este derecho es necesario celebrar una vista informal previa en donde se le dé al empleado la oportunidad de ser escuchado. Torres Solano v. P.R.T.C., supra.

Los procedimientos y decisiones ante los organismos administrativos gozan de una presunción de regularidad y corrección mientras no se produzca suficiente evidencia para derrotarla. Camacho Huertas v. Compañía Turismo, Op. de 19 de septiembre de 2008, 2008 T.S.P.R. 157, 2008 J.T.S. 177, 174 D.P.R. ___ (2008); Henríquez v. Consejo de Educación Superior, 120 D.P.R. 194,210 (1987); Murphy Bernabe v. Tribunal Superior, 103 D.P.R. 692, 699 (1975).

### III

El foro apelativo intermedio reconoció correctamente que la sanción impuesta al señor Vázquez

González no tiene efecto alguno, pues la determinó una persona que según la ley vigente entonces, carecía de autoridad para ello, a saber, el Comisionado. Sin embargo, el Tribunal de Apelaciones incidió al extrapolar la nulidad al proceso previo a la sanción impuesta.

En Ortiz v. Municipio San Juan, supra, decidimos que, según la ley aplicable entonces, el Alcalde no podía delegar la función de sancionar a los policías municipales por faltas graves. Ahora bien, nunca cuestionamos la facultad del Comisionado de investigar, formular cargos e informar al Alcalde los pormenores del caso para que este último procediera con su decisión final. En ese caso lo único que se decretó nulo fue la sanción impuesta y no el proceso previo de investigación y formulación de cargos.

La Ley Núm. 19, supra, disponía que el Comisionado preparara un informe completo al Alcalde sobre las imputaciones hechas y el Alcalde decidirá la decisión final. 31 L.P.R.A. sec. 1070. Los cargos se harían por escrito y serían firmados por el Comisionado. Id. Como vemos, el proceso que disponía la ley dividía el proceso disciplinario en etapas distintas: (1) el Comisionado realiza una investigación; (2) el Comisionado notifica de los cargos al imputado; (3) el Comisionado rinde un informe al Alcalde; y (4) el Alcalde absuelve de los cargos al imputado o determina la sanción que proceda.

Después de la enmienda, el Comisionado puede tomar esa decisión, por delegación del Alcalde. Claro está, este proceso debe ceñirse a las exigencias del debido proceso de ley.

El señor Vázquez González sostiene que la nulidad de la sanción vicia de nulidad todo el proceso disciplinario por lo que es necesario que el Municipio de San Juan reinicie todo el trámite disciplinario. No le asiste la razón. Como discutimos anteriormente, para interferir con el interés propietario de un empleado público de carrera, el Estado debe seguir un proceso que sea justo y equitativo conforme a las reglas del debido proceso de ley.

El debido proceso de ley no exige que se hagan dos procedimientos de *novo* para la determinación administrativa. Exigirle esto al Municipio de San Juan sería ordenarle que repita lo que ya se hizo correctamente. Surge del expediente que para disciplinar al señor Vázquez González el Comisionado inició una investigación, formuló los cargos por escrito y notificó el derecho a solicitar vista. Esto cumple con los requisitos de notificación adecuada del debido proceso de ley. Además, se celebró una vista informal previa en la que el recurrido tuvo la oportunidad de ser oído y de presentar prueba. Para dicha vista, el señor Vázquez González contó con asistencia de abogado.

El señor Vázquez González no cuestiona el hecho de que estas etapas previas al despido fueron conforme a derecho. Su alegación se limita al hecho de que la nulidad de la sanción inicial que impuso el Comisionado vicia de nulidad todo el procedimiento previo. Aun así, tampoco el recurrido cuestiona el hecho de que el proceso seguido previo a la sanción cumplió con la legislación y reglamentación aplicable.

La sanción impuesta luego de nuestra Opinión en Ortiz v. Municipio San Juan, supra, estuvo basada en el expediente, fue tomada por la persona con autoridad para hacerlo, el Alcalde de San Juan, y se notificó correctamente al recurrido su derecho de solicitar la revisión de la decisión. El hecho de que la primera decisión fuera tomada por quien no tenía facultad para hacerlo no vicia todo el trámite previo y solamente tiene efecto sobre la imposición y vigencia de la sanción.

Ahora bien, el señor Vázquez González no podía ser privado de su sueldo hasta la imposición de la sanción de manera correcta. Debido a que la sanción tenía que ser impuesta por el Alcalde, la sanción original del Comisionado carece de efecto. El Art. 10(e) de la Ley Núm. 45, supra, requiere autorización previa del Alcalde para suspender temporeramente a un Policía Municipal de empleo y sueldo mientras se practica el proceso de

investigación disciplinario. El Alcalde no utilizó esa facultad en este caso.

Así pues, el señor Vázquez González tiene derecho a los salarios dejados de percibir hasta el momento en que se determinó la expulsión firmada por el Alcalde. Véase, Torres Solano v. P.R.T.C., supra. Es a partir de esa fecha que la acción de expulsar al señor Vázquez González de la Policía Municipal tiene efecto vinculante en derecho.

En resumen, resolvemos que no era necesario reiniciar las etapas previas a la determinación final del Alcalde pues éstas fueron hechas conforme a derecho y en cumplimiento con el debido proceso de ley.

IV

Por los fundamentos señalados, se revoca la sentencia recurrida y emitida por el Tribunal de Apelaciones, Región Judicial de San Juan. En su lugar, se sostiene la sanción impuesta por el Alcalde contra el Sr. Juan Vázquez González. Ahora bien, el señor Vázquez González tiene derecho a los haberes dejados de percibir hasta la fecha en que fue válidamente sancionado. Se devuelve el caso a la C.I.P.A. para que se determine la cuantía a la que tiene derecho el señor Vázquez González.

Se dictará Sentencia de conformidad.

RAFAEL L. MARTÍNEZ TORRES
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Juan Vázquez González<br><br>Recurrido<br><br>v.<br><br>Jorge Santini, Alcalde del Municipio de San Juan, por sí y en representación del Municipio de San Juan<br><br>Peticionario | CC-2009-191 | |

SENTENCIA

En San Juan, Puerto Rico, a 9 de abril de 2010.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente Sentencia, se revoca la sentencia recurrida y emitida por el Tribunal de Apelaciones, Región Judicial de San Juan. En su lugar, se sostiene la sanción impuesta por el Alcalde contra el Sr. Juan Vázquez González. Ahora bien, el señor Vázquez González tiene derecho a los haberes dejados de percibir hasta la fecha en que fue válidamente sancionado. Se devuelve el caso a la C.I.P.A. para que se determine la cuantía a la que tiene derecho el señor Vázquez González.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo