Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| JOSELITO CRUZ CAMPOS<br><br>Recurrente<br><br>V.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202400181 | *Revisión de Decisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Sobre: Intervención para que se constituya Comité de Derechos de las Víctimas |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 29 de abril de 2024.

El señor Joselito Cruz Campos (en adelante, señor Cruz Campos o parte recurrente) presentó, por derecho propio y como indigente, ante este foro revisor escrito intitulado *Intervención para que se constituya Comité de Derecho de las Víctimas* de fecha 26 de marzo de 2024 y recibido en esta Curia el 4 de abril de 2024.

Con su escrito, la parte recurrente acompañó *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia.* Examinada la aludida solicitud, declaramos la misma Ha Lugar, por lo que autorizamos al señor Cruz Campos a litigar como indigente y se le exime del pago de los aranceles.

### I

De entrada, es preciso destacar que en su escrito la parte recurrente no hace ningún señalamiento de error. La parte recurrente se circunscribe, en esencia, a solicitarnos que le ordenemos al Departamento de Corrección y Rehabilitación (en adelante DCR o parte recurrida) que se constituya el Comité de las

Número Identificador

SEN2024 _____

Víctimas, de conformidad con el Artículo 2 del Plan de Reorganización del DCR y que se continúen los procedimientos conforme a los artículos 17, 18 y 19 del mencionado plan. Ello, toda vez que, no cuenta con una determinación para el privilegio.

Asevera la parte recurrente que, el día 12 de agosto de 2023, fue referido por el técnico socio penal Dereck Vázquez Rivas para ser reevaluado conforme al Reglamento del Programa Integral de Reinserción Comunitaria Número 9488 de 9 de agosto de 2023, para la investigación correspondiente del plan de salida propuesto.

Indica el recurrente que el 13 de marzo de 2024 recibió Respuesta de la Planilla de Información Necesaria para Evaluar Candidatos para el programa: Pase Extendido con Monitoreo Electrónico, cuya determinación fue: *Pospuesto*. La razón provista por la parte recurrida es que: "Requiere evaluación del Comité de Derechos de las Víctimas según lo dispuesto en el Plan de Reorganización del DCR #2 del 21 de noviembre de 2011, según enmendado en su[s] Artículo[s] #17, 18 y 19."

**II**

### A. *Jurisdicción*

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Miranda Corrada v. DDEC et al.,* 2023 TSPR 40, 211 DPR ___ (2023); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020); *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 499-500 (2019). Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *Báez Figueroa v. Adm. Corrección,* 209 DPR 288, 298 (2022); *Torres Alvarado v. Madera Atiles*, supra, pág. 500. La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que,

esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020); *Torres Alvarado v. Madera Atiles,* supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Suffront v. AAA,* 164 DPR 663, 674 (2005).

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Íd.*; *Mun. De San Sebastián v. QMC Telecom*, 190 DPR 652, 600 (2014); *Suffront v. AAA*, supra, pág. 674; *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394-395 (2022).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones[1], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío o prematuro. Un recurso que se desestima por presentarse pasado el término provisto para recurrir, se conoce como un recurso tardío. Por su parte, un recurso que se ha presentado con relación a una determinación que está pendiente ante la consideración del tribunal apelado, o sea, que aún no ha sido finalmente resuelta, se conoce como un recurso prematuro. Un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre". *Yumac Home Furniture v. Caguas Lumber Yard,* 194 DPR 53 (2015). Ello es así puesto que su presentación carece de eficacia y no produce ningún efecto

---

[1] 4 LPRA Ap. XXII-B, R. 83.

jurídico, pues en ese momento o instante en el tiempo -*punctum temporis*- aún no ha nacido autoridad judicial o administrativa alguna para acogerlo". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

No obstante, existe una importante diferencia en las consecuencias que acarrea cada una de estas desestimaciones. La desestimación de un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro.  En cambio, la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración". *Yumac Home Furniture v. Caguas Lumber Yard*, supra.  Por consiguiente, si un tribunal, luego de realizado el análisis, entiende que no tiene jurisdicción sobre un recurso, sólo tiene autoridad para así declararlo. De hacer dicha determinación de carencia de jurisdicción, el tribunal debe desestimar la reclamación ante sí sin entrar en sus méritos.  Lo anterior, basado en la premisa de que, si un tribunal dicta sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o *ultravires. Cordero et al. v. ARPe et al.*, 187 DPR 445, 447 (2012).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones[2], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

### B. La revisión de determinaciones administrativas

El Artículo 4.006 (C) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley 201-2003, 4 LPRA sec. 24y,

---

[2] 4 LPRA Ap. XXII-B, R. 83.

establece la competencia del Tribunal de Apelaciones. En lo pertinente, dispone que este Tribunal conocerá mediante recurso de revisión judicial, que se acogerá como cuestión de derecho, las decisiones, órdenes y resoluciones **finales** de organismos o agencias administrativas. (Énfasis nuestro).

Por su parte la Sección 3.14 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAUG), 3 LPRA sec. 9654, dispone lo siguiente en cuanto a órdenes o resoluciones **finales** emitidas por las agencias administrativas:

> [...] La orden o resolución [final] deberá incluir y exponer separadamente **determinaciones de hecho** si éstas no se han renunciado, **conclusiones de derecho,** que fundamentan la adjudicación, la disponibilidad del recurso de reconsideración o revisión según sea el caso. La orden o resolución deberá ser firmada por el jefe de la agencia o cualquier otro funcionario autorizado por ley. [...] (Énfasis nuestro).

Nuestro más alto foro judicial ha explicado los objetivos que se persiguen para que los foros administrativos emitan determinaciones de hecho y conclusiones de derecho. *Mun. de San Juan v. JCA,* 149 DPR 263, 281-282 (1999). Al respecto ha enumerado las siguientes:

> (1) proporcionar a los tribunales la oportunidad de revisar adecuadamente la decisión administrativa y facilitar esta tarea; (2) fomentar que la agencia adopte una decisión cuidadosa y razonada dentro de los parámetros de su autoridad y discreción; (3) **ayudar a la parte afectada a entender por qué el organismo administrativo decidió como lo hizo, y, al estar mejor informada, poder decidir si acude al foro judicial o acata la determinación;** (4) promover la uniformidad intraagencial, en particular cuando el proceso decisorio institucional es adoptado por distintos miembros de un comité especial a quienes les está encomendado celebrar vistas y recibir la prueba, y (5) evitar que los tribunales se apropien de funciones que corresponden propiamente a las agencias administrativas bajo el concepto de especialización y destreza. *Id., Rivera Santiago v.*

*Srio. de Hacienda*, 119 DPR 265 (1987). (Énfasis nuestro).

Tomando en cuenta el derecho expuesto, procedemos a resolver.

**III**

Como mencionáramos, la competencia de este Tribunal mediante un recurso de revisión judicial se limita a la revisión de decisiones, órdenes y resoluciones finales de organismos o agencias administrativas.

En este caso, no tenemos ninguna resolución final que revisar, toda vez que, según lo consignado, la agencia recurrida pospuso su determinación hasta tanto se realizara la evaluación del Comité de Derechos de las Víctimas según lo dispuesto en el Plan de Reorganización del DCR #2 del 21 de noviembre de 2011, según enmendado en su[s] Artículo[s] #17, 18 y 19.

Ante las circunstancias particulares del caso, procede devolver el caso para que el ente administrativo cumpla con la Sección 3.14 de la LPAUG. Una vez la agencia emita una *Resolución* conforme a derecho, la parte recurrente de así interesarlo, podrá solicitar reconsideración o recurrir mediante recurso de revisión judicial ante este Tribunal.

**IV**

Por los fundamentos anteriormente expuestos, se desestima el recurso de revisión judicial por prematuro y se devuelve el caso a la agencia recurrida para que una vez culminen los trámites pendientes, emita una resolución que contenga determinaciones de hechos y conclusiones de derecho conforme a lo dispuesto en la Sección 3.14 de la LPAUG.

Notifíquese a las partes, al Procurador General y al Secretario del Departamento de Corrección y Rehabilitación. El Administrador

de Corrección deberá entregar copia de esta *Sentencia* al confinado,

en cualquier institución donde este se encuentre.

Lo acordó y manda el Tribunal, y certifica la Secretaria del

Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones