<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL VI</td></tr>
<tr>
<td>ULISES VÁSQUES MIESES<br><br>Apelado<br><br><br>v.<br><br><br>ROBERTO MUÑOZ<br><br>Apelante</td>
<td>KLAN202401140</td>
<td>*APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso número:<br>GB2024CV00494<br><br>Sobre:<br>Cobro de dinero<br>(Regla 60)</td>
</tr>
</table>

Panel integrado por su presidenta, la jueza Ortiz Flores, la juez Aldebol Mora y la jueza Boria Vizcarrondo.

Aldebol Mora, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 28 de febrero de 2025.

Comparece la parte apelante, Roberto Muñoz Collado, y nos solicita que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 19 de agosto de 2024, notificada el 4 de septiembre del mismo año. Mediante dicho dictamen, el foro primario declaró Ha Lugar la demanda sobre cobro de dinero sumario incoada por la parte apelada, Ulises Vásques Mieses.

### I

El 7 de junio de 2024, Ulises Vásques Mieses (Vásques Mieses o apelado) instó una *Demanda* sobre cobro de dinero, al amparo de la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, R. 60, en contra de Roberto Muñoz Collado (Muñoz Collado o apelante).[1] Alegó que Muñoz Collado le adeudaba $13,527.00 por la preparación e instalación de rótulos. Sostuvo que había realizado gestiones extrajudiciales –sin éxito– para requerir el pago de la cantidad

---
[1] Anejo 5 del Apéndice del recurso, pág. 13.

Número Identificador

SEN2025 _____

adeudada. Planteó, además, que la deuda estaba vencida, líquida y exigible. En virtud de lo anterior, solicitó el pago de $13,527.00, costas, gastos y honorarios de abogado.

Posteriormente, el 17 de junio de 2024, Vásques Mieses radicó una moción solicitando la expedición de la notificación-citación.[2] Evaluado el escrito, mediante *Orden* emitida el 27 del mismo mes y año, el Tribunal de Primera Instancia le concedió cinco (5) días para presentar un proyecto de notificación-citación (formulario OAT 991-A), el cual sería expedido por la Secretaría una vez fuera presentado. Además, señaló la vista en su fondo para el 4 de agosto de 2024.[3]

Transcurridos treinta (30) días desde la presentación de la acción, el 8 de julio de 2024, Vásques Mieses presentó el proyecto de notificación-citación solicitado[4], el cual fue expedido el 12 del mismo mes y año. Posteriormente, el 31 de julio de 2024, Vásques Mieses le solicitó al foro *a quo* una extensión de diez (10) días para emplazar al apelante personalmente, debido a problemas de salud de su representante legal.[5]

Así las cosas, el 6 de agosto de 2024, Vásques Mieses radicó un escrito intitulado *Moción Sometiendo Documentos.*[6] En particular, incluyó la notificación-citación diligenciada, entre otros documentos.

El 6 de agosto de 2024, se celebró la vista en su fondo. Según surge de la *Minuta*[7], Vásques Mieses compareció, no así Muñoz Collado. En lo pertinente, la representación legal de Vásques Mieses le mostró al foro juzgador la notificación-citación diligenciada y solicitó que se dictara sentencia en rebeldía. El foro sentenciador

---

[2] Anejo 6 del Apéndice del recurso, págs. 15-16.
[3] Anejo 7 del Apéndice del recurso, pág. 17.
[4] Anejo 9 del Apéndice del recurso, págs. 19-22.
[5] Anejo 12 del Apéndice del recurso, pág. 27.
[6] Anejo 13 del Apéndice del recurso, págs. 28-33.
[7] Anejo 15 del Apéndice del recurso, págs. 37-38.

determinó que la notificación-citación fue debidamente diligenciada por lo que asumió jurisdicción sobre Muñoz Collado. En virtud de ello, anotó la rebeldía de dicha parte y expresó que dictaría sentencia de conformidad con las alegaciones bien hechas en la acción de epígrafe, así como con la prueba que obraba en el expediente.

Evaluada la *Demanda* y la prueba documental pertinente, el 19 de agosto de 2024, el foro apelado emitió una *Sentencia,* mediante la cual condenó a Muñoz Collado al pago de la cantidad reclamada.[8]

Pendiente la notificación de la *Sentencia,* el 30 de agosto de 2024, Muñoz Collado instó un escrito intitulado *Urgente solicitud que no se emita sentencia y desestime el caso de autos.*[9] Alegó que no fue notificado de la acción de epígrafe dentro del término de diez (10) días, contados a partir de la radicación de la demanda. Sostuvo que Vásques Mieses retuvo el diligenciamiento de la citación hasta cuatro (4) días antes de la vista en su fondo. Planteó que el emplazador no le informó la fecha, hora ni la sala en donde se celebraría la vista. Arguyó que el señalamiento de la citación no era legible y que no compareció a la vista debido a que se enteró de la fecha posterior al señalamiento de esta. En virtud de lo anterior, Muñoz Collado solicitó la desestimación del caso de autos por entender que no se cumplió con el debido proceso de ley. Sostuvo que, debido al incumplimiento con el proceso legal de citación, no había jurisdicción sobre su persona.

Pendiente la adjudicación de la moción dispositiva, el 4 de septiembre de 2024, el foro primario notificó la sentencia que nos ocupa, en la cual condenó a Muñoz Collado al pago de la cuantía que surge de la *Demanda.*[10]

---

[8] Anejos 1 y 2 del Apéndice del recurso, págs. 1-7.
[9] Anejo 16, del Apéndice del recurso, págs. 39-50.
[10] Anejo 2, págs 2-7.

En desacuerdo, el 9 de septiembre de 2024, Muñoz Collado presentó una moción de reconsideración y/o relevo de sentencia, al amparo de la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47.[11] Por su parte, el 18 de octubre de 2024, Vásques Mieses se opuso.[12]

Evaluados los argumentos de ambas partes, el 21 de noviembre de 2024, notificada el 22 del mismo mes y año, el Tribunal de Primera Instancia declaró No Ha Lugar la solicitud de relevo de sentencia.[13]

Inconforme, el 19 de diciembre de 2024, la parte apelante acudió ante esta Curia mediante el recurso de epígrafe y señaló los siguientes errores:

> Err[ó] el TPI y abus[ó] de su discreci[ó]n al no desestimar la demanda por falta de jurisdicci[ó]n en incumplir el demandante con el tr[á]mite de la Regla 60 y la jurisprudencia interpretativa[.]
>
> Abus[ó[] de su discreci[ó]n [el] TPI al permitir la extensi[ó]n de t[é]rmino para que se diligenciara la citaci[ó]n cuando la misma es insuf[i]ciente para brindarla y es contraria a la declaraci[ó]n jurada del demandado sobre el particular[.]
>
> Err[ó] el TPI al aceptar la citaci[ó]n diligenciada a la parte cuya informaci[ó]n de fecha, lugar, [*sic*] y hora no se puede leer violentando el debido proceso de ley del demandado[.]
>
> Err[ó] el Tribunal al declarar con lugar la demanda cuando la demanda presenta alegaciones conclusorias que no permiten la anotaci[ó]n de rebeld[í]a[.]

En cumplimiento con nuestra *Resolución* del 8 de enero de 2025, y luego de una prórroga a esos efectos, la parte apelada compareció mediante escrito intitulado *Alegato* el 27 de febrero del año corriente.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

---

[11] Anejo 3 del Apéndice del recurso, págs. 8-11.
[12] Anejo 22 del Apéndice del recurso, págs. 56-58.
[13] Anejo 4 del Apéndice del recurso, pág. 12.

**II**

**A**

La Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, R.60, establece un proceso sumario de cobro de dinero. El propósito primordial de la referida regla es "agilizar y simplificar los procedimientos en acciones de reclamaciones de cuantías pequeñas, para así lograr la facilitación del acceso a los tribunales y una justicia más rápida, justa y económica en este tipo de reclamación". *Asoc. Res. Colinas Metro v. S.L.G.,* 156 DPR 88, 97 (2002). En particular, la Regla 60 de Procedimiento Civil, *supra,* dispone lo siguiente:

> Cuando se presente un pleito en cobro de una suma que no exceda los quince mil (15,000) dólares, excluyendo los intereses, y no se solicite en la demanda tramitar el caso bajo el procedimiento ordinario, **la parte demandante deberá presentar un proyecto de notificación-citación que será expedido inmediatamente por el Secretario o Secretaria. La parte demandante será responsable de diligenciar la notificación-citación dentro de un plazo de diez (10) días de presentada la demanda, incluyendo copia de ésta, mediante entrega personal conforme a lo dispuesto en la Regla 4 o por correo certificado**.
>
> **La notificación-citación indicará la fecha señalada para la vista en su fondo, que se celebrará no más tarde de los tres (3) meses a partir de la presentación de la demanda, pero nunca antes de quince (15) días de la notificación a la parte demandada.** En la notificación se advertirá a la parte demandada que en la vista deberá exponer su posición respecto a la reclamación, y que si no comparece podrá dictarse sentencia en rebeldía en su contra.
>
> La parte demandante podrá comparecer a la vista por sí o mediante representación legal. El Tribunal entenderá en todas las cuestiones litigiosas en el acto de la vista y dictará sentencia inmediatamente. Como anejo a la demanda, el demandante podrá acompañar una declaración jurada sosteniendo los hechos contenidos en la demanda o copia de cualquier otro documento que evidencie las reclamaciones de la demanda. Si la parte demandada no comparece y el Tribunal determina que fue debidamente notificada y que le debe alguna suma a la parte demandante, será innecesaria la presentación de un testigo por parte del demandante y el Tribunal dictará sentencia conforme a lo establecido en la Regla 45. Si se demuestra al Tribunal que la parte demandada tiene alguna reclamación sustancial, o en el interés de la justicia, cualquiera de las partes tendrá derecho a

solicitar que el pleito se continúe tramitando bajo el procedimiento ordinario prescrito por estas reglas o el Tribunal podrá motu proprio ordenarlo, sin que sea necesario cancelar la diferencia en aranceles que correspondan al procedimiento ordinario.

Para la tramitación de un pleito conforme al procedimiento establecido en esta Regla, la parte demandante debe conocer y proveer el nombre y la última dirección conocida de la parte demandada al momento de la presentación de la acción judicial. De lo contrario, el pleito se tramitará bajo el procedimiento ordinario. (Énfasis nuestro).

Por otro lado, en una acción de cobro de dinero, la parte demandante tiene que probar ser la acreedora de una deuda vencida, líquida y exigible. *RMCA v. Mayol Bianchi,* 208 DPR 100*,* 109 (2021); *Ramos y otros v. Colón y otros,* 153 DPR 534, 546 (2001). Sobre ese particular, el Tribunal Supremo de Puerto Rico definió que es líquida aquella deuda cierta y determinada, mientras que se considera exigible porque puede demandarse su cumplimiento. *Íd.* Es decir que, "al alegarse que la cuenta es 'líquida y exigible' se están exponiendo hechos, a saber: que el residuo de la cuantía ha sido aceptado como correcto por el deudor y que está vencido". *Id., citando a Guadalupe v. Rodríguez, 70 DPR 958, 966 (1950).*

La responsabilidad de diligenciar la notificación-citación recae sobre la parte demandante. *Cooperativa v. Hernández Hernández,* 205 DPR 624 (2020). La expedición de la notificación-citación igualmente es un trámite ágil pues, según la precitada Regla 60, tan pronto la secretaria o secretario del tribunal de instancia reciba el proyecto de notificación-citación y allí consigne la fecha de celebración de la vista en su fondo, tiene el deber de expedirla inmediatamente para que la parte demandante gestione el diligenciamiento. *Íd.*

En lo concerniente a este aspecto, la regla permite que la persona promovente de la acción seleccione la forma en que diligenciará la notificación-citación, a saber: por correo certificado o mediante entrega personal conforme a lo dispuesto en la Regla 4 de

Procedimiento Civil, 32 LPRA Ap. V, R. 4. No importa cuál de estas dos opciones prefiera la parte demandante, lo transcendental es que la notificación-citación de la persona promovente sea diligenciada dentro de los diez (10) días de presentada la demanda y se acompañe copia de esta dirigida a la última dirección conocida de la parte deudora contra quien pesa una reclamación líquida y exigible. *Cooperativa v. Hernández Hernández,* supra*,* pág. 635 (2020). La notificación-citación tiene una función dual: por un lado, notifica a la parte demandada la reclamación en cobro de dinero presentada en su contra y otro por la parte promovida es citada para la vista en su fondo. *Cooperativa v. Hernández Hernández,* supra, pág. 635, citando a *Asoc. Res. Colinas Metro v. S.L.G.,* supra, pág. 98*.*

En los casos de cobro de dinero promovidos conforme con la Regla 60 de Procedimiento Civil, *supra,* si la parte demandante, a satisfacción del tribunal, evidencia que ha efectuado una notificación adecuada y efectiva a la parte demandada y esta deja de responder o comparecer al procedimiento, el tribunal puede declararla en rebeldía. Véase*,* Regla 45.1 y 60 de las de Procedimiento Civil, 32 LPRA Ap. V, R.45.1. Para que un dictamen en rebeldía prevalezca en un litigio de cobro de dinero al amparo de esta norma procesal, el foro primario se cerciorará de que: (1) la parte demandada tiene a su favor una deuda líquida y exigible; (2) que la persona deudora es la demandada, y (3) que la notificación-citación a este efectivamente se realizó. *Asoc. Res Colinas Metro v. S.L.G.,* supra, pág. 99. La anotación de rebeldía podrá hacerla el tribunal a iniciativa propia o a moción de parte. Regla 45.1 de Procedimiento Civil, supra. De realizarse dicha anotación, tendrá el efecto de que se den por admitidos todos los hechos alegados en la demanda y se autoriza al tribunal para que dicte sentencia, si es que procede como cuestión de derecho. *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 590 (2011).

**B**

La Sección 7 del Artículo II de la Constitución de Puerto Rico, al igual que las Enmiendas V y XIV de la Constitución de los Estados Unidos, garantizan que ninguna persona será privada de su libertad o propiedad sin el debido proceso de ley. CONST. PR art. II, sec. 7.; CONST. EE. UU. Emda. V y XIV. Esta garantía procesal funciona de dos vertientes: la sustantiva y la procesal. En lo referente a esta última, se ha entendido que "el debido proceso de ley procesal le impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y propiedad del individuo se haga a través de un procedimiento que sea justo y equitativo". *Rivera Rodríguez & Co. v. Lee Stowell, etc.,* 133 DPR 881, 887 (1993); *López Vives v. Policía de P.R.,* 118 DPR 219 (1987). Para garantizar las exigencias mínimas del debido proceso de ley, todo procedimiento adversativo debe satisfacer lo siguiente: (1) notificación adecuada del proceso; (2) proceso ante un juez o jueza imparcial; (3) oportunidad de ser oído; (4) derecho a contrainterrogar testigos y examinar la evidencia presentada en su contra; 5) asistencia de representación legal; y (6) que la decisión se base en la evidencia presentada y admitida en el juicio. *Hernández v. Secretario,* 164 DPR 390 (2005); *Rivera Rodríguez & Co. v. Lee Stowell, etc.,* supra, pág. 889. A esos efectos, la característica medular de la garantía del debido proceso de ley es que el procedimiento seguido sea uno justo. *Rivera Santiago v. Srio. de Hacienda,*119 DPR 265, 274 (1987).

**C**

La jurisdicción sobre la persona es la autoridad que debe tener el tribunal sobre la persona de los litigantes, ya sea la parte demandada o demandante, para poder adjudicar una controversia mediante una sentencia que tenga efecto vinculante sobre estos. El estado no puede dictar una sentencia contra una persona que no esté sujeta a su jurisdicción. Esta es una de las garantías

fundamentales del Debido Proceso de Ley. C. E. Díaz Olivo, *Litigación Civil*, 2.ª ed. rev., San Juan, Ed. AlmaForte, 2022, pág. 52.

En el caso de la parte demandante, esta se somete voluntariamente a la jurisdicción al presentar su reclamación ante el tribunal. Por el contrario, para poder adquirir jurisdicción sobre la parte demandada es necesario diligenciar un emplazamiento, esto es, entregar una notificación formal que expide el estado en la que se le informa que se ha presentado una reclamación judicial en su contra y que tiene el derecho a defenderse de la misma. En la medida en que no se diligenciara el emplazamiento, la parte demandada no conoce formalmente de la existencia del pleito en su contra y no está en posición de defenderse, lo que violenta su debido proceso de ley. Díaz Olivo, *op. cit.*, pág. 54. La Regla 60 de Procedimiento Civil, *supra*, no exige ninguna formalidad distinta a la de una demanda que exceda de quince mil dólares ($15,000.00), la diferencia está en que bajo la precitada Regla 60 se expide una notificación-citación y no un emplazamiento. J. A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2.ª ed. rev., San Juan, Publicaciones JTS, 2011, pág. 1803.

**III**

Como primer señalamiento de error, la parte apelante sostiene que el Tribunal de Primera Instancia abusó de su discreción al no desestimar la demanda por falta de jurisdicción, toda vez que la parte apelada incumplió con el trámite requerido por la Regla 60 de Procedimiento Civil, *supra*, y su jurisprudencia interpretativa. En su segundo señalamiento de error, plantea que el foro primario abusó de su discreción al permitir la extensión del término para que se diligenciara la citación cuando esta es insuficiente y contraria a la declaración jurada suscrita por este sobre el particular. Como tercer señalamiento de error, arguye que el Tribunal de Primera Instancia erró al aceptar la citación diligenciada cuya información de fecha,

lugar y hora no se puede leer, violentando así el debido proceso de ley. Por otro lado, en su cuarto y último señalamiento de error, sostiene que el foro *a quo* erró al declarar Ha Lugar la acción de epígrafe cuando esta contiene alegaciones conclusorias que no permiten la anotación de rebeldía. Por estar el primer y el tercer error relacionados entre sí, los discutiremos conjuntamente. Veamos.

Conforme el derecho esbozado, una vez la secretaria o secretario del tribunal de instancia reciba un proyecto de notificación-citación, la parte demandante tiene la responsabilidad de diligenciar la notificación-citación, ya sea por correo certificado o mediante entrega personal, dentro de los diez (10) días de presentada la demanda. Como parte del diligenciamiento, la notificación-citación tiene que estar acompañada de la copia de la demanda, dirigida a la última dirección conocida de la parte deudora contra quien pesa una reclamación líquida y exigible. Cónsono con lo anterior, en todo proceso adversativo se le debe garantizar a las partes las exigencias mínimas del debido proceso de ley. Entre estas exigencias se encuentra la notificación adecuada del proceso para que la parte demandada conozca formalmente que se ha presentado una reclamación judicial en su contra y que tiene el derecho a defenderse de la misma. En la medida en que no se diligencie una notificación adecuada a la parte demandada, esta no conoce formalmente de la existencia del pleito en su contra por lo que no está en posición de defenderse. Esto, a su vez, violenta el debido proceso de ley de la parte demandada y el tribunal está impedido de adquirir jurisdicción sobre la persona y, por lo tanto, de dictar una sentencia en su contra.

Por otro lado, si la parte demandante, a satisfacción del tribunal, evidencia que ha efectuado una notificación adecuada y efectiva a la parte demandada y esta deja de responder o comparecer

al procedimiento, el tribunal puede declararla en rebeldía. No obstante, para que un dictamen en rebeldía prevalezca en un litigio de cobro de dinero al amparo de esta norma procesal, el foro primario se cerciorará, entre otras cosas, de que la notificación-citación efectivamente se realizó. De lo contrario, el tribunal estaría impedido de emitir un dictamen en rebeldía.

Surge del expediente ante nos que, el 7 de junio de 2024, Vásques Mieses instó una *Demanda* sobre cobro de dinero, al amparo de la Regla 60 de Procedimiento Civil, *supra*, en contra del apelante. Posteriormente, el 17 de junio de 2024, Vásques Mieses radicó una moción solicitando la expedición de la notificación-citación. Evaluado el escrito, el Tribunal de Primera Instancia le concedió cinco (5) días al apelado para presentar un proyecto de notificación-citación (formulario OAT 991-A), el cual sería expedido por la Secretaría una vez fuera presentado. Transcurridos treinta (30) días desde la presentación de la acción, el 8 de julio de 2024, el apelado presentó el proyecto de notificación-citación, el cual fue expedido el 12 del mismo mes y año. Posteriormente, el 31 de julio de 2024, Vásques Mieses le solicitó al foro primario una extensión de diez (10) días para emplazar al apelante personalmente, debido a problemas de salud de su representante legal.

El 6 de agosto de 2024, se celebró la vista en su fondo, a la cual Vásques Mieses compareció, no así Muñoz Collado, por lo que el apelado solicitó que se dictara sentencia en rebeldía. El foro sentenciador asumió jurisdicción sobre Muñoz Collado al determinar que la notificación-citación fue debidamente diligenciada. En virtud de ello, el foro juzgador anotó la rebeldía de dicha parte y emitió la *Sentencia* que nos ocupa, mediante la cual condenó al apelante al pago de la cantidad reclamada por Vásques Mieses.

Pendiente la notificación de la referida determinación, el 30 de agosto de 2024, el apelante solicitó la desestimación del caso por entender que no se cumplió con el debido proceso de ley. En específico, argumentó que no fue notificado de la acción de epígrafe dentro del término de diez (10) días, contados a partir de la radicación de la demanda. Posteriormente, y sin adjudicar la mencionada moción dispositiva, el foro primario notificó la *Sentencia* apelada.

En cuanto al segundo error, surge del expediente que transcurridos treinta (30) días desde la presentación de la acción, el 8 de julio de 2024, Vásques Mieses presentó un proyecto de notificación-citación, el cual fue expedido el 12 del mismo mes y año. Posteriormente, vencido el término de diez (10) días que establece la ley, la parte apelada solicitó al foro *a quo* una extensión para emplazar al apelante personalmente. Ello, debido a problemas de salud de su representante legal. El foro de instancia no resolvió dicha moción. Sin embargo, pendiente la adjudicación de la solicitud de prórroga, el apelado diligenció la notificación-citación el 2 de agosto de 2024. Así las cosas, el foro de origen continuó con los procesos judiciales. Surge de la *Sentencia* apelada que, durante la vista en su fondo, el foro juzgador determinó que el apelante fue notificado adecuadamente de la reclamación en su contra. Es decir, el tribunal implícitamente resolvió la moción de extensión de término. Dicha autorización se realizó dentro de la sana discreción del Tribunal de Primera Instancia. Ante la ausencia de parcialidad, prejuicio y error manifiesto, el segundo error no se cometió.

Ahora bien, examinado con detenimiento el recurso ante nos, colegimos que el Tribunal de Primera Instancia incidió en su proceder. De una revisión de la prueba documental, surge claramente que la notificación-citación diligenciada por el apelado no es legible, en particular la fecha, lugar y hora de la vista en su

fondo. Es decir, la notificación en cuestión es defectuosa. Ante tal escenario, el apelante, como parte demandada en el caso, desconoce formalmente la existencia del pleito en su contra, por lo que se encuentra en un estado de indefensión. Tal violación al debido proceso de ley impide que el foro de instancia adquiera jurisdicción sobre el apelante. Ello redunda en que el pleito no pueda ser resuelto en sus méritos. Ahora bien, en lugar de desestimar sin perjuicio el pleito por falta de jurisdicción, el foro juzgador optó por anotar la rebeldía del apelante y emitir una sentencia en su contra. Dicha determinación resulta ser contraria a derecho y, por lo tanto, procede revocarla.

En relación al cuarto error señalado por la parte apelante, resulta inoficioso atenderlo, toda vez que el foro primario carecía de jurisdicción para adjudicar en los méritos la acción de epígrafe.

En virtud de lo anterior, ante la falta de jurisdicción sobre la persona, concluimos que el Tribunal de Primera Instancia incidió al anotarle la rebeldía al apelante y declarar Ha Lugar la *Demanda* sobre cobro de dinero al amparo de la Regla 60 de Procedimiento Civil, *supra*, incoada por el apelado. Por consiguiente, revocamos el dictamen apelado.

**IV**

Por los fundamentos antes expuestos, revocamos el dictamen apelado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones